UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, CDCR #T-67081,<br><br>         Plaintiff,<br><br>v.<br><br>JOHN DOE, Director of CDCR;<br>JOHN DOE, Secretary of CDCR;<br>JOHN DOE, Warden,<br><br>         Defendants. | Case No.: 3:19-cv-00727-LAB-WVG<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) [ECF Nos. 2, 3]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Keith Thomas ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time of filing, but instead has filed a certified prison certificate and California Department of Corrections and Rehabilitation ("CDCR") Inmate Trust Account Statement

1

Report, which the Court construes as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel (ECF No. 3).

Plaintiff claims an unidentified Director and Secretary of the CDCR, together with the unnamed Warden of RJD have falsely imprisoned him since 2016 by refusing to release him on parole pursuant to California's Proposition 57.[1] (*See* Compl., ECF No. 1 at 2-5.) He seeks $200 million in compensatory and punitive damages. (*Id.* at 8.)

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a

---

[1] "In 2016, California voters approved Proposition 57 which [...] requires that '[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.'" *Russell v. Kernan*, No. 218CV1062TLNACP, 2019 WL 2267136, at *3 (E.D. Cal. May 28, 2019) (quoting Cal. Const. Art. I, § 32(a)(1)). The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." *Id.*, (quoting Cal. Const. Art. I, § 32(a)(1)(A). An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," *see In re Edwards*, 26 Cal. App. 5th 1181, 1187, 237 Cal.Rptr.3d 673 (Cal. App. Sept. 7, 2018), and thus is not a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57. Therefore, a Three Strikes indeterminate sentence must be "put aside" for purposes of determining the full term of a prisoner's primary offense. *Id.* at 1192. In his Complaint, Plaintiff claims that the "*In re Edward[s]* case ... prove[s] that [he] has been falsely imprisoned since 2016," but he also admits to have already "received an indeterminately sentenced non-violent parole hearing referral" and Prop. 57 hearing in February 2019, and to have been denied parole due to an inaccurately "assessed SHU [security housing unit] term" at Corcoran State Prison. *Id.* at 4, *see also* ECF No. 5 at 24, 26, 31, 33. According to Plaintiff's own exhibits, he was found "eligible for the Indeterminately-Sentenced Nonviolent Offender Parole Review Process" on January 28, 2019, *see* ECF No. 5 at 25, but was found otherwise ineligible for *release* on parole during a Board of Parole Hearings ("BPH") review held on February 5, 2019, because he was "assessed a SHU Term as of 01/12/2014 and was still on as of 10/10/2014. It appears it was for the inmate's disciplinary history. In addition he has a RVR for Threats to Public Official 04/22/2015." *Id.* at 31. In response to Plaintiff's correspondence in response to that decision, a BPH official confirmed that he was found ineligible at the February 5, 2016 hearing due to a "SHU term which was valid until October 6, 2014," and that he would "not meet the criteria until five years after that date, provided [he] meet[s] all other criteria." *Id.* at 33.

filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP: ". . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

Plaintiff's Complaint does not contain any "plausible allegations" that suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff seeks to sue unnamed supervisory CDCR officials for implementing prison regulations under which he claims to have been determined ineligible for release on parole. *See* Compl., ECF No. 1 at 2-5. He has also filed a Declaration in which he claims to face "imminent danger," *see* ECF No. 5 at 1-3, but his allegations of harm are all based on his transfer in 2017 to RJD, and generalized fears of the same types of "gang violence on the yard" he faced in the past at Kern Valley State Prison. *Id.* Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). Nor may it be based on "overly speculative," "fanciful," or "conclusory assertions." *Cervantes*, 493 F.3d at 1057 n.11; *see also Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017) ("Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of "imminent danger of serious physical injury" for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule.") (citation omitted)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in

some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.[2] That is the case here.

Based on a review of its own dockets and other court proceedings available on PACER, the Court finds that Plaintiff Keith Thomas, identified as CDCR #T-67081, has had *at least* fifteen prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Thomas v. Garvin*, Civil Case No. 1:99-cv-06339-AWI-DLB (E.D. Cal. Feb. 1, 2000 Findings & Recommendations ("F&Rs") re Dismissal for failing to state a claim [ECF No. 15]); (March 28, 2000 Order Dismissing Action [ECF No. 20]) (strike one)[3];

2) *Thomas v. Nicholus, et al.*, Civil Case No. 1:99-cv-06377-OWW-HGB (E.D. Cal. July 14, 2000 F&Rs re Dismissal for failing to state a claim [ECF No. 16]); (Oct. 11, 2000 Order Adopting F&Rs and Dismissing Case [ECF No. 20]) (strike two);

3) *Thomas v. Kim, et al.*, Civil Case No. 1:99-cv-06553-AWI-HGB (E.D. Cal. May 10, 2000 F&Rs re Dismissal for failing to state a claim [ECF No. 18]); (Aug. 29, 2000 Order Dismissing Action [ECF No. 23]) (strike three);

4) *Thomas v. Gomez*, Civil Case No. 1:99-cv-06662-REC-DLB (E.D. Cal. June 14, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 18]); (Oct. 12, 2000 Order Adopting F&Rs and Dismissing Action for Failure to State a Claim [ECF No. 20]) (strike four);

---

[2] The Court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

5) *Thomas v. Lopez*, Civil Case No. 1:00-cv-05349-OWW-DLB (E.D. Cal. June 14, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 11]); (Dec. 20, 2000 Order Adopting F&Rs & Dismissing Action for failure to state a claim [ECF No. 13]) (strike five);

6) *Thomas v. Galaza*, Civil Case No. 1:00-cv-05348-OWW-LJO (E.D. Cal. Aug. 15, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 21]; (Nov. 14, 2000 Order Adopting F&Rs & Dismissing case for failure to state a claim [ECF No. 23]) (strike six);

7) *Thomas v. Galaza*, Civil Case No. 1:00-cv-05345-AWI-LJO (E.D. Cal. April 27, 2000 F&Rs re Dismissal as frivolous [ECF No. 10]); (June 23, 2000 Memorandum Opinion and Order Dismissing case for failure to state a claim and as frivolous [ECF No. 12]) (strike seven);

8) *Thomas v. Gomez,* Civil Case No. 1:00-cv-05497-AWI-DLB (E.D. Cal. June 14, 2000 F&Rs re dismissal for failure to state a claim [ECF No. 8]; (Sept. 11, 2000 Order Adopting F&Rs & Dismissing case for failure to state a claim [ECF No. 13]) (strike eight);

9) *Thomas v. U.S. DEA*, et al., Civil Case No. 3:09-cv-02916-W-CAB (S.D. Cal. April 13, 2010 Order Dismissing Second Amended Complaint for Failing to State a Claim per 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b) [ECF No. 18]) (strike nine);

10) *Thomas v. Regents of the University of California, et al.*, Civil Case No. 2:10-cv-04667-UA-PLA (C.D. Cal. July 12, 2010 Order denying leave to proceed IFP and dismissing case as frivolous, malicious, or for failing to state a claim [ECF No. 3]) (strike ten);

11) *Thomas v. Doe, et al.*, Civil Case No. 2:10-cv-06973-UA-PLA (C.D. Cal. Oct. 4, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF No. 2]) (strike eleven);

12) *Thomas v. King County Superior Court, et al.*, Civil Case No. 2:10-cv-07101-UA-PLA (C. D. Cal. Oct. 4, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF No. 2]) (strike twelve);

13) *Thomas v. U.S. Attorney, et al.*, Civil Case No. 2:10-cv-07793-UA-PLA (C.D. Cal. Nov. 1, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF No. 2]) (strike thirteen);

14) *Thomas v. U.S. District Court, et al.*, Civil Case No. 3:10-cv-02572-BEN-POR (S.D. Cal. Dec. 29, 2010 Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [ECF No. 3]) (strike fourteen); and

15) *Thomas v. U.S. Attorney General, et al.*, Civil Case No. 2:11-cv-00571-UA-DUTY (C.D. Cal. Feb. 9, 2011 Order denying IFP and dismissing case as frivolous, malicious, or for failing to state a claim [ECF No. 2]) (strike fifteen).[4]

Accordingly, because Plaintiff has accumulated more than three "strikes" while incarcerated, and because he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Motion to Appoint Counsel

Finally, Plaintiff has also filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3).

"[T]here is no absolute right to counsel in civil proceedings," *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted), and the district court's discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). The decision to appoint counsel for an indigent litigant is within "the sound discretion of the trial court and is

---

[4] Plaintiff was last denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Southern District of California in 2013. *See Thomas v. Case, et al.*, Civil Case No. 3:13-cv-02011-CAB-BGS (S.D. Cal. Jan. 17, 2019 Order Denying Motions to Proceed IFP and to Appoint Counsel as barred by 28 U.S.C. § 1915(g) and Dismissing Civil Action for Failure to Pay Filing Fee as Required by 28 U.S.C. § 1914(a)) (ECF No. 5).

granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Because Plaintiff is not authorized to proceed IFP and has not demonstrated any exceptional circumstances, he is not entitled to appointed counsel in this case.

### III. Conclusion and Orders

The Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 2) and to Appoint Counsel (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: June 6, 2019

Hon. Larry Alan Burns
Chief United States District Judge